UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMED ABDERRAHMANE CHEIKH AHMEDOU,

                    Plaintiff,

      v.

U.S. DEPARTMENT OF HOMELAND SECURITY, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, MERRICK GARLAND, ALEJANDRO MAYORKAS, UR MENDOZA JADDOU, and TIMOTHY HOUGHTON,

                    Defendants.

**MEMORANDUM & ORDER**
21-CV-6923 (HG)

**HECTOR GONZALEZ**, United States District Judge:

      Plaintiff Mohamed Abderrahmane Cheikh Ahmedou brings a petition for a writ of mandamus and a complaint for declaratory relief against Defendants Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou, and Timothy Houghton (together, "Defendants") to adjudicate Plaintiff's Form I-589, Application for Asylum and for Withholding of Removal ("Application for Asylum").  ECF No. 1.  Plaintiff asserts four causes of action against Defendants:  (i) failure properly and timely to adjudicate his Application for Asylum in violation of the Mandamus Act, 28 U.S.C. § 1361, *id.* ¶¶ 184–208; (ii) withholding of Plaintiff's application for asylum in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), *id.* ¶¶ 209–219; (iii) failure to adjudicate Plaintiff's Application for Asylum in violation of Defendants' nondiscretionary duty to act as prescribed by the APA, 5 U.S.C. § 706(1), *id.* ¶¶ 220–229; and (iv) unreasonable delay in adjudicating Plaintiff's Application for Asylum in violation of the APA, 5 U.S.C. § 555(b), *id.* ¶¶ 230–244.  Presently before the Court is Plaintiff's letter-motion to

stay the proceedings until August 10, 2023. ECF No. 9. For the reasons set forth below, Plaintiff's letter-motion is denied.

On November 14, 2022, Plaintiff filed a complaint seeking adjudication of his Application for Asylum, which has been pending with the United States Citizenship and Immigration Services ("USCIS") since July 21, 2019. ECF No. 1 at 2. Plaintiff alleges that he filed his application based on a well-founded fear of persecution as a journalist who exposed government abuses and corruption in his home country. *Id*. On December 15, 2022, USCIS issued Plaintiff an interview notice and scheduled an interview for June 26, 2023. ECF No. 10 at 6–8 (Interview Notice). On January 11, 2023, Plaintiff filed a letter-motion to stay the proceedings until August 10, 2023, because he "anticipates that the outcome of the interview will result in a final adjudication of his Application for Asylum, likely rendering the case moot." ECF No. 9 at 2. On January 17, 2023, Defendants filed their response.

The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "[A] request to stay litigation appears to be the antithesis of that very command," and courts must therefore consider whether a stay is justified in light of the circumstances of the case. *Friedman as Tr. Of Ellett Brothers, LLC v. Nexien, Inc.*, No. 21-cv-3292, 2021 WL 5910763, at *2 (E.D.N.Y. Nov. 9, 2021);[1] *see also Nken v. Holder*, 556 U.S. 418, 427 (2009) ("A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the [movant].").

The Court considers four factors when deciding a motion to stay: "(1) whether the stay

---

[1] Unless noted, case law quotations in this order accept all alterations and omit all internal quotation marks, citations, and footnotes.

applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "Courts have treated these factors like a sliding scale, such that more of one excuses less of the other. . . . However, the movant cannot prevail by showing a mere possibility of success or of harm." *Strougo v. Barclays PLC*, 194 F. Supp. 3d 230, 233 (S.D.N.Y. 2016).

Plaintiff argues that until he "receives . . . an asylum interview with USCIS and a final adjudication of his Application for Asylum" his case is not moot and "[u]ntil all required steps for a final adjudication are complete, Plaintiff's claims are still live and this Court can still grant relief." ECF No. 9 at 2. Plaintiff further requests that the Court exercise its discretion in favor of a stay because Defendants will not be prejudiced. *Id.* at 3. In response, Defendants contend that while they take no position on Plaintiff's motion to stay, there is nothing more for Defendants to do until Plaintiff appears for his interview. ECF No. 10 at 1.

The Court finds that Plaintiff fails to demonstrate irreparable harm. *Nken*, 556 U.S. at 434. Plaintiff's interview has been scheduled for June 26, 2023. ECF No. 10 at 6–8. Denial of the stay does not preclude Plaintiff from attending the interview or from providing USCIS with the required testimony and documentation that it needs. Moreover, a stay would serve to prevent the speedy determination of this action in contravention of the Court's obligation pursuant to Rule 1, and the public interest in resolving matters quickly. Assessing the factors "like a sliding scale, such that more of one excuses less of the other," *Strougo*, 194 F. Supp. 3d at 233, and finding that Plaintiff has failed to demonstrate irreparable harm and that the public interest favors denial, the Court denies Plaintiff's letter-motion to stay.

**CONCLUSION**

For the reasons stated above, Plaintiff's letter-motion to stay the action is DENIED. The parties are directed to file a joint status report by July 10, 2023, informing the Court whether Plaintiff appeared for his interview and whether Defendants intend to file a letter-motion to dismiss.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 4, 2023